UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Nos. 1:15-cr-213-SEB-MJD-01 and 1:16-cr-59-SEB-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| MARKEL GRAY | |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00213-SEB-MJD-01 |
| | ) | |
| MARKEL GRAY, | ) | No. 1:16-cr-00059-SEB-MJD-01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Markel Gray filed identical copies of the same motion in each of the above-captioned cases. Thus, the Court considers the motions together. Mr. Gray seeks compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). He asks the Court to order his immediate release. For the reasons explained below, his motions are **DENIED**.

## I.      Background

In June 2018, Mr. Gray pled guilty to one count of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1); one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 1951(A). Dkts. 43, 45 in Case No. 1:15-cr-213-SEB-MJD-01; dkts. 41, 43 in Case No. 1:16-cr-59-SEB-MJD-01. The Court sentenced Mr. Gray to a total of 130 months of imprisonment, representing concurrent 46-month sentences for the felon-in-possession and robbery counts and a consecutive 84-month sentence for the brandishing-a-firearm count. *Id.* The Court also imposed concurrent terms of 3 years of supervised release on all counts. *Id.*

2

Mr. Gray is 24 years old. He is currently incarcerated at FCI Gilmer in Glenville, West Virginia. As of November 17, 2020, the BOP reports 105 active cases of COVID-19 among inmates and 3 cases among staff at FCI Gilmer; it also reports that 19 inmates and 3 staff members at FCI Gilmer have recovered from the virus. *See* https://www.bop.gov/coronavirus/ (last visited Nov. 17, 2020).

In September 2020, Mr. Gray represents that he had been in custody for 4 years and 9 months. Dkt. 52 at 3.[1] The BOP lists Mr. Gray's release date as April 20, 2025.

On August 27, 2020, Mr. Gray filed a pro se motion seeking appointment of counsel for purposes of filing a motion for compassionate release. Dkt. 50. The Court denied the motion without prejudice because it did not show that Mr. Gray was entitled to compassionate release or that the interests of justice supported appointing counsel. Dkt. 51. The Court informed Mr. Gray that he could pursue a motion for compassionate release by completing and returning the Court's form compassionate release motion. *Id.* Mr. Gray return a completed form compassionate release motion on September 14, 2020. Dkt. 52.[2] The United States responded on October 1, 2020, dkt. 54, and Mr. Gray replied on November 4, 2020, dkt. 55. Thus, the motions are ripe for decision.

## II.    Discussion

Mr. Gray seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 52. The Court understands Mr. Gray to be arguing that he is at an increased risk of experiencing severe symptoms if he contracts COVID-19 because he suffers from asthma for which he uses an inhaler, pre-diabetes, epilepsy seizure disorder, and major

---

[1] Mr. Gray made identical filings in both cases. For ease of reference, this citation and all remaining citations in this Order are to the docket in case No. 1:16-cr-59-SEB-MJD-01, unless otherwise noted.

[2] Mr. Gray did not renew his request for appointment of counsel in the form motion. To the extent that his renewed motion can be construed as a renewed request for appointment of counsel, the Court concludes that the interests of justice do not support appointing counsel for the reasons stated in this Order.

depressive disorder. Dkt. 52 at 2, 4; dkt. 55; *see also* dkt. 54-2 at 2 (showing diagnosis of asthma).

He notes that he has incurred only two disciplinary write-ups during his incarceration and that he

has completed a number of courses. Dkts. 55 at 1. In response, the United States contends that Mr.

Gray has not shown extraordinary and compelling reasons warranting a sentence reduction. Dkt.

54. It also argues that Mr. Gray would present a danger to the public if he were released and that

the § 3553(a) factors do not favor release. *Id.*

> Title 18 U.S.C. § 3582(c) guides the analysis, providing in relevant part as follows:
>
> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[3], may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied

and a list of specific examples." 28 U.S.C. § 994(t). Thus, the Sentencing Commission

promulgated a policy statement regarding compassionate release reflected at § 3581(c), set out in

United States Sentencing Guidelines ("US.S.G.") § 1B1.13 and the accompanying Application

Notes.  That policy statement has not been updated to reflect that defendants (and not just the

---

[3]The United States has waived the exhaustion requirement in this case. Dkt. 54 at 9.

Bureau of Prisons) ("BOP") may move for compassionate release,[4] but courts have consistently relied on U.S.S.G. § 1B1.13 for guidance as to the "extraordinary and compelling reasons" that might warrant sentence reductions.  *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019).  Generally speaking, the identity of the movant (whether it is an inmate or the BOP) does not impact the Court's consideration of the applicable factors.

Pursuant to § 1B1.13 and the statutory directive in § 3582(c)(1)(A), the compassionate release decision is premised on certain specific findings.  First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement."  U.S.S.G. § 1B1.13(1)(A), (3).  Second, the Court must determine whether Mr. Gray is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Finally, the Court must consider and weigh the § 3553(a) factors, "to the extent they are applicable."  U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall

---

[4]Until December 21, 2018, only the BOP could file a motion for sentence reduction under §3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended §3582(c)(1)(A) to allow inmates to bring such motions directly, after exhausting administrative remedies. *See* 1 Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) (First Step Act § 603(b)).

provision covering "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). The Court determines whether the facts qualify as extraordinary and compelling under the catchall provision. *See United States v. Norris*, No. 1:08-cr-170-SEB-TAB-01, dkt. 99 (S.D. Ind. Nov. 10, 2020).

Mr. Gray does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Dkt. 52 at 2, 6. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case. The Court concludes that it does not.

The risk that Mr. Gray faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Gray's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

And, while Mr. Gray suffers from some medical conditions, they do not place him at increased risk of suffering severe symptoms if he contracts COVID-19. Pre-diabetes, epilepsy, and major depressive order are not conditions that increase the risk of severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions (last visited Nov. 17, 2020). Moderate-to-severe asthma may increase the risk of severe COVID-19 symptoms, *id.*, but there is no evidence that Mr. Gray's

asthma is moderate, let alone severe. To the contrary, medical records from September 2020 show that Mr. Gray uses his inhaler (described in the records as "SABA," an abbreviation for short-acting beta-antagonist) only when working out and that he has been instructed not to use his inhaler daily. Dkt. 54-2 at 1, 35; *see also id.* at 4 (stating that Mr. Gray complains of shortness of breath while playing basketball and diagnosing Mr. Gray with exercise-induced asthma). Such symptoms do not qualify as even moderate asthma. *See* https://www.uofmhealth.org/health-library/hw161158 (last visited Nov. 17, 2020) (summarizing symptoms of moderate and severe asthma; stating that asthma is considered moderate if any of the following are true of the patient's condition without treatment: daily symptoms or daily inhaler use; symptoms interfere with daily activities; nighttime symptoms occur more than one time a week but do not happen every day; lung function tests are abnormal (more than 60% to less than 80% of expected value) and PEF varies more than 30% from morning to afternoon). This Court has consistently denied motions for compassionate release from defendants—like Mr. Gray—who are not at an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Finally, Mr. Gray is to be commended for having good conduct and for his efforts at rehabilitation. But rehabilitation alone cannot be an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Given the Court's determination that Mr. Gray has not shown extraordinary and compelling reasons to justify his release, the Court discusses the § 3553(a) factors and whether Mr. Gray is a danger to the community only briefly. Mr. Gray robbed a firearms store with two other people. Dkt. 42 at 5 (Presentence Investigation Report). All three robbers were armed with semi-automatic

handguns. *Id.* After entering the store, Mr. Gray jumped the counter, grabbed an employee, and struck the employee on the head with his handgun. *Id.* The three robbers stole 44 firearms and ammunition, for a total loss of over $15,000. *Id.* at 5–6. These crimes are extremely serious and warrant a significant sanction, but Mr. Gray has served less than 5 years and only a little more than half of his sentence. Mr. Gray's criminal history also shows a previous felony conviction for robbery, and he committed the offenses in this case while on parole for that robbery conviction. *Id.* at 5, 10. While the Court commends Mr. Gray for his good conduct and efforts at rehabilitation, it cannot find that Mr. Gray would not be a danger to the community if released. Likewise, it cannot conclude that the § 3553(a) factors weigh in favor of release at this time, despite the fact that Mr. Gray faces some risk from the COVID-19 pandemic.

## III.    Conclusion

For the reasons stated above, Mr. Gray's motions for compassionate release, dkt. [53] in Case No. 1:15-cr-213-SEB-MJD-01, and dkt. [52] in Case No. 1:16-cr-59-SEB-MJD-01, are **denied**.

**IT IS SO ORDERED.**

Date:    11/23/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Markel Gray
Reg. No. 14500-028
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351